IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kevin C. Sayler,                :

    Plaintiff,              :

  v.                            :    Case No. 2:08-cv-516

Jeremy D. Gilbert, et al.,      :    JUDGE SARGUS

    Defendants.             :

ORDER

This matter is before the Court on Mr. Sayler's motion for an order compelling defendants to properly respond to certain requests for admission. Alternatively, Mr. Sayler requests that the Court deem the specific requests admitted. The motion has been fully briefed. For the following reasons, the motion to compel will be granted.

Through his motion to compel, Mr. Sayler claims that the defendants failed to respond appropriately to eleven specific requests for admission including numbers 4, 6, 7, 8, 16, 20, 33, 37, 38, 39, and 40. According to Mr. Sayler, defendants failed or refused to admit or deny the allegations set forth in these requests. In response, the defendants assert that they have provided responses to all forty requests for admission and that their responses are consistent with the federal rules and their knowledge. Defendants stand by their responses and request that the motion to compel be denied. In reply, Mr. Sayler contends that the defendants' answers are equivocal and constitute an effort to avoid the consequences of a direct answer. The substance of each request and answer is as follows.

Request No. 4: This request asks defendants to admit that while awaiting processing Mr. Sayler into jail, Officer Jeremy

Gilbert caused Kevin Sayler to land headfirst on the Sallyport floor. Defendants admitted "only that Officer Gilbert used a grounding technique and that Mr. Sayler's head hit the floor of the sally port." In response to the motion to compel, defendants contend that they can make no admission beyond this because Mr. Sayler is seeking to have them admit causation without taking into consideration all of the facts, including his own actions, momentum, and intoxication.

Request No. 6: This request asks defendants to admit that Officer Gilbert's actions of taking Mr. Sayler to the floor caused injury to Mr. Sayler's face. Defendants admitted "only that Mr. Sayler suffered injury to his face when he hit the floor." In response to the motion to compel, defendants assert that the same causation factors relating to Request No. 4 are at issue here.

Request Nos. 7 and 8: These requests ask defendants to admit that Mr. Sayler suffered a broken nose and a fractured left orbital bone. Defendants admit that it appears that Mr. Sayler may have suffered these injuries but they "are not qualified to make such diagnosis or verify causation." In response to the motion to compel, defendants again assert that they are not qualified to provide a diagnosis or determine causation.

Request No. 16: This request asks defendants to admit that Officer Gilbert's action in taking Mr. Sayler to the floor of the Sallyport was intentional. In response defendants stated that they have "already admitted that Officer Gilbert intentionally applied a grounding technique." Defendants reiterate this statement in response to the motion to compel.

Request No. 20: This request asks defendants to admit that at all relevant times, Officer Gilbert was an agent for the City of Columbus and the Columbus Police Division. Defendants admitted that Officer Gilbert "was employed by the Columbus

Division of Police and acting in his capacity as a police officer." In response to the motion to compel defendants argue that Mr. Sayler has not defined the meaning or context of agency and that the traditional concept of agency in not applicable to the claims against Officer Gilbert or the City.

Request No. 33: This request asks the defendants to admit that the actions of Officer Gilbert at issue here were done under color of law. Defendants admitted that Officer Gilbert was acting under color of law. In response to the motion to compel, defendants assert that they do not understand what additional information Mr. Sayler is seeking.

Request No. 37: This request asks defendants to admit that certain Franklin County Sheriff video recordings are true and accurate representations of the events they recorded on May 6, 2007. Defendants responded that the portions of the video reviewed by Officer Gilbert are true and accurate.

Request No. 38: This request asks defendants to admit that the Columbus Police Division IAB Investigation Packet, the Criminal Investigation Summary, the Columbus Division of Fire report, and the Columbus Police Division Directive 3.25 and DTU Phase Training on Prisoner Control are true and accurate representations of the events they purport to record. Defendants admitted that the referenced documents were obtained and kept in the ordinary course of the operation of the Columbus Division of Police but included statements and summaries of statements that may not be true and accurate.

Request No. 39: This request asks defendants to admit that Mr. Sayler's medical records and medical bills from Grant Hospital, covering his treatment from May 6, 2007 through May 16, 2007 are true and accurate representations of the events they purport to record. Defendants admitted "that medical records have been provided by plaintiff," but that they "cannot confirm

whether they are complete or true and accurate."

Request No. 40: This request asks defendant to admit that Officer Gilbert's personnel file is a true and accurate representation of the events it purports to record. Defendants admitted that Officer Gilbert's personnel file is kept in the ordinary course of business but could not "vouch for the accuracy of every document contained therein."

With respect to Request Nos. 37-40, Mr. Sayler asserts, in responding to the motion to compel, that defendants have failed to specify which parts of the video or documents are admitted to be accurate and which are not. Defendants contend that, given the number of problems with these requests, they have answered as appropriately as possible. According to defendants, they cannot provide a blanket admission of the truth and accuracy of everything included, cannot admit that the video or documents are complete, and cannot verify records made or kept by other agencies. Defendants argue that in order for them to provide different responses, Mr. Sayler must narrow his request to specific portion of the records.

Rule 36 provides a procedure for denying the requests for admission or qualifying partial admissions or denials.

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

4

Fed.R.Civ.P. 36(a).

Defendants' answers to the requests for admission do not fully comply with the requirements of Rule 36(a). Defendants are entitled to admit in part or deny in part the request "but the answer must specify the part admitted and qualify or deny the rest." Defendants have not answered in this way and the explanations for each answer set forth in their response to the motion to compel underscore this. In their response to the motion, defendants do explain why their responses to the requests may have been qualified or couched as incomplete admissions. Had defendants simply responded to the requests for admission in the same manner they responded to the motion to compel, Mr. Sayler may have found the motion to compel unnecessary. However, Mr. Sayler is entitled to this information as part of the response to the requests and not just in a memorandum filed in response to a motion. Consequently, the motion to compel will be granted.

Based on the foregoing, plaintiff's motion to compel (#30) is granted. Defendants shall supplement their responses to plaintiff's requests for admission within fifteen days.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge

5

or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge