IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN SAYLER,

     Plaintiff,

                           Case No. 2:08-cv-516
vs.                      Judge Edmund A. Sargus, Jr.
                           Magistrate Judge Terence P. Kemp

JEREMY GILBERT,

     Defendant.

## OPINION AND ORDER

Presently before the Court are the Parties' Motions in Limine.  (Docs. 53 & 58).  As discussed below, the Court provisionally grants in part, denies in part, and holds the remainder of Plaintiff's motion in abeyance.  The Court also holds Defendant's motion in abeyance.

I.

Plaintiff moves to exclude evidence of (1) the circumstances of his arrest prior to his transfer to Defendant's custody, and (2) the events that occurred after Defendant's alleged assault of Plaintiff, including Sergeant Matthew Weekley's use of mace on Plaintiff and Plaintiff's felonious conviction on charges of harassment with a bodily substance for spitting on Weekley. Plaintiff contends that such evidence is not relevant to his remaining claims, or, in the alternative, that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading of the jury.  Defendant responds by asserting that evidence of the events before and after the alleged assault is both relevant and probative.

The Parties have agreed that evidence of the circumstances surrounding Plaintiff's arrest

prior to Defendant's arrival to take custody of Plaintiff is relevant and admissible to the extent that Defendant became aware of those circumstances before his alleged assault of Plaintiff. Accordingly, evidence of those circumstances of which Defendant was aware may be offered by Defendant.

The Court also provisionally grants Plaintiff's motion to exclude evidence of the events occurring after the assault, including Plaintiff's conviction for harassment with a bodily substance, as events occurring immediately after the alleged assault have no relevance to the factual dispute to be resolved by a jury. At issue in this case is whether Defendant's action to restrain Plaintiff was objectively reasonable and whether Defendant acted maliciously in injuring Plaintiff. The events occurring after the alleged assault—Sergeant Weekley's use of mace against Plaintiff and Plaintiff's conviction for expectorating on Weekley—have no bearing on the reasonableness of Defendant's actions, which occurred some 45 minutes earlier. The significant lapse of time between the alleged assault and the spitting incident make the later event, which is not at issue, unrelated to the earlier events. Even if such evidence were relevant, the danger of prejudicial effect or confusion of issues would substantially outweigh its probative value. In this regard, Defendant will have ample opportunity to offer evidence tending to establish that Plaintiff acted in an unruly and aggressive manner prior to his alleged assault by Defendant. Accordingly, the probative value of such evidence is limited.

Defendant contends that evidence of the events after the alleged assault may be relevant to demonstrating Plaintiff's level of intoxication on the night of his arrest, and thus should be admissible for impeaching Plaintiff's testimony concerning the events of that night. However, the evidence is not contradicted that Plaintiff was intoxicated on the night in question, and

-2-

testimony of the events occurring before the alleged assault will be sufficient to demonstrate Plaintiff's level of intoxication. Because the preceding sentence assumes that evidence will be presented in a particular manner, the Court makes this ruling on a provisional basis, subject to reconsideration if the evidence presented justifies a review. At this junction, such evidence is excluded unless otherwise ordered by the Court.

For the foregoing reasons, Defendant is precluded from offering evidence of the events occurring after his alleged assault on Plaintiff.

## II.

Defendant moves to exclude evidence from the personnel files of both he and Sergeant Weekley. Plaintiff has represented that he does not currently plan to offer evidence from these personnel files, but may do so for impeachment or other purposes. If, during trial, Plaintiff proposes to offer evidence from the personnel files, he must first request a sidebar conference at which time the Court will rule on the admissibility of such evidence.

## III.

For the above reasons, Defendants' Motion in Limine (Doc. 58) is held in abeyance, and Plaintiff's Motion in Limine (Doc. 53) is provisionally granted in part, denied in part, and held in abeyance in part.

**IT IS SO ORDERED.**

_10-18-2010_
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

-3-